UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JONATHAN STUBBERFIELD | CIVIL ACTION |
| VERSUS | NO. 15-2339 |
| HERCULES OFFSHORE | SECTION "N" (3) |

### ORDER & REASONS

Presently before the Court is Defendant Hercules Offshore's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) or, in the Alternative, Motion for Summary Judgment" (Rec. Doc. 7). Having carefully considered the parties' submissions, and the applicable law, the Court rules as stated herein.

**I.  BACKGROUND**

Plaintiff Jonathan Stubberfield ("Plaintiff") is an African American who worked for Defendant Hercules Offshore ("Hercules") as a galley hand on the rig Hercules 209. In January 2014, Hercules terminated Plaintiff and his supervisor, head cook Bidal Faragosa ("Faragosa"), after the two had a physical altercation that allegedly stemmed from Faragosa's derogatory treatment of Plaintiff. Despite the discharge of Faragosa, Plaintiff claims that the cook was later re-hired by Hercules. On June 28, 2015, roughly seventeen months after being terminated, Plaintiff filed the instant suit against his former employer, claiming discriminatory discharge in violation of the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. § 23:301 *et seq.*

Hercules now moves for dismissal of the lawsuit, or, alternatively, for summary judgment, arguing that Plaintiff's claims are prescribed and that he failed to satisfy the notice requirement set

forth in Section 23:303(C) of the LEDL.

## II. STANDARD OF REVIEW

Because this motion has attached exhibits to support the arguments made therein, it is analyzed within the confines of Rule 56 of the Federal Rules of Civil Procedure. Pursuant to Rule 56(a), summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(a), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001). An issue is considered genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Goodson v. City of Corpus Christi*, 202 F.3d 730, 735 (5th Cir. 2000).

### III.     LAW AND ANALYSIS

#### A.     *Prerequisites to Filing Suit under the LEDL*

It is undisputed that Plaintiff failed to comply with the literal terms of Louisiana Revised Statute § 23:303(C), which provides:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

While the statute provides no express penalty for violating its notice provision, courts have routinely held that a plaintiff's failure to provide timely notice of intent to sue warrants dismissal of an LEDL claim, with there being a narrow exception to this rule reserved for those plaintiffs who instead filed an EEOC charge of discrimination within the appropriate period of time. *See Simpson-Williams v. Andignac*, 2004–1539 (La.App. 4 Cir. 4/20/05); 902 So. 2d 385, 387; *Shore v. Modern American Recycling Services, Inc.*, 13-823, 2014 WL 68804, at *5 (E.D. La. Jan. 8, 2014) ("If a plaintiff fails to comply with the notice requirement before filing suit, and also fails to file a qualifying EEOC charge against a defendant, the plaintiff's claims must be dismissed."). For this exception to apply, the EEOC charge must "effectively accomplish the same goals as the statutory notice under state law," *Johnson v. Hosp. Corp. of Am.*, 767 F.Supp.2d 678, 704 (W.D.La. 2011). Those goals are twofold – to inform the defendant of the potential litigation so that it preserves evidence and to allow the parties sufficient time to attempt a resolution of the matter outside of court. *Shore*, 2014 WL 68804, at *5.

In this case, Plaintiff waited until the eleventh hour to sue. By that time, June 28, 2015, Plaintiff could no longer spare thirty days to provide written notice to Hercules, so he elected to send

3

a demand letter and file his complaint on the same day. Then, in an artful attempt to remedy this obvious deficiency, he waited more than thirty days to initiate service. Without citing any authority, Plaintiff essentially argues that, by waiting to effect service, he complied with the spirit of the statutory notice provision such that the he should be excepted from having to fulfill its literal terms. The Court disagrees. The exception to the rule is narrow and has only been applied to those who file an EEOC charge within the same period of time provided under the statute, that is, at least thirty days prior to initiating court action. This timing requirement is significant – it ensures that, even though literal compliance may be lacking, the purpose of the statute is fulfilled. Plaintiff neither filed an EEOC charge nor observed the mandatory waiting period before suing. Therefore, the exception is inapplicable, and Plaintiff's LEDL claims are premature.

### B. *Plaintiff's Request for Leave to Amend*

In the event his LEDL claims are dismissed, Plaintiff requests leave to amend his complaint to assert a Jones Act claim. Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend pleadings "shall be freely given when justice so requires." However, the right to amend is not automatic. *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996). Rather, the decision to allow amendment falls within the discretion of the Court, which "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Id.* at 315. In the present case, the complaint sounds in racial discrimination, and no physical injury has been alleged. For Plaintiff to assert a viable Jones Act claim, virtually the entire complaint would have to be rewritten. Anything less than a transformative amendment would be futile. Therefore, the request for leave is denied.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED** that the Motion is **GRANTED** and that Plaintiff's case is **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, this <u>16th</u> day of <u>May</u>, 2016.

                                                          **KURT D. ENGELHARDT**
                                                          **United States District Judge**